[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a contested dissolution matter involving a 22 year old marriage. There are two minor children, issue of the marriage, aged 13 and 11.
The court finds the jurisdictional requirements have all been satisfied.
The marriage has broken down irretrievably and a decree of dissolution may enter.
At the conclusion of the evidence, the parties filed their prayers for relief which the court has considered in light of Sections 46b-81, 46b-82 and 46b-56 et als.
The following orders are found to be fair and equitable under the circumstances of this case:
1. The defendant is ordered to pay alimony at the rate of $100. per week, for a period of ten years. This limitation is in accordance with the plaintiff's prayer for relief.
2. The defendant is ordered to pay child support in the CT Page 2723 amount of $175.00 per week for each of the two minor children. This is a departure from the guidelines (though not as drastic as that suggested by the defendant) which the court finds appropriate in view of the absence of a mortgage on the family residence and the consequent saving to both parties of housing costs.
3. It appearing that the parties have had no problems and anticipate none with respect to the children, joint legal custody is ordered with physical possession of the children in the plaintiff. The defendant will have reasonable visitation.
4. The plaintiff is awarded immediate exclusive possession of the family home. The defendant may have 90 days to remove his machinery and equipment from the basement, unless the plaintiff is prepared to effect an extension or a substitute arrangement.
5. The defendant shall maintain health insurance for the benefit of the minor children and shall be responsible for all unreimbursed and uncovered medical, dental, etc. expenses for a period of 3 years after which time such expenses shall be shared equally by the parties. This order shall be governed by the provisions of Section 46b-84(c).
6. The defendant shall maintain the plaintiff under his existing health insurance plan for the maximum period allowed by law or under the terms of said plan, whichever is greater, provided, however, the plaintiff shall be responsible for any cost of said coverage sustained by the defendant. She shall be responsible for her own unreimbursed and uncovered expenses.
7. The defendant shall maintain at least $50,000. of insurance on his life for the benefit of each of the two minor children until such time as any obligation to pay child support or arrearages, as to each child ceases. The plaintiff is to be provided with proof of such coverage within 45 days and annually thereafter.
8. The plaintiff wife is awarded all of the defendant's right, title and interest in and to the family home at 32 Tuttle Place, East Haven. The plaintiff will execute a non interest bearing mortgage and note in favor of the defendant in the amount of $45,000., which mortgage and note shall be payable upon the occurrence of any of the following:
a. the death of the plaintiff;
 b. the remarriage or cohabitation of the plaintiff;
c. the sale of the premises; CT Page 2724
 d. the 18th birthday of the younger minor child.
9. The defendant is ordered to pay the following debts:
 a. $600. loan incurred by the plaintiff to pay the defendant's car taxes due the City of W.H.;
 b. taxes due to the Town of E.H. in the amount of $894. for 1990;
 c. the balance due to Dr. Steinlauf for orthodontic work for the minor child, Deneb;
d. the optometrist's bill due to Carafano's;
 e. otherwise, the parties will be liable for the obligations listed on their financial affidavits.
10. The plaintiff — wife is awarded the furniture and furnishings located in the family residence.
11. Personal assets are ordered distributed as follows:
a. To the defendant husband:
 1. K. of C. IRA 2. 1987 Toyota pick-up 3. 1991 Mazda 4. Pitney Bowes 401A. 5. Pitney Bowes common stock.
b. To the plaintiff wife:
 1. 1986 Ford Escort 2. K. of C. annuity 3. Duquesne Lighting Co. common stock.
12. The defendant is ordered to pay to the plaintiff the sum of $4,500. as a final item comprising the division of assets.
13. The parties shall file a joint tax return for 1990 and any refund shall be shared equally by the parties.
14. The defendant may claim the two minor children as dependents on his federal tax return for subsequent years. CT Page 2725
ANTHONY V. DeMAYO, JUDGE.